**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

RAYMOND L. JACKSON,

                Plaintiff,

v.

ANTHONY J. WYLIE, District Attorney, Clinton County; TIMOTHY CONNOLLY, Badge #5347, Investigator; MARK BOIRE; PHILLIP VONNORTWICK, Judge,

                Defendants.

No. 8:17-CV-560
(DNH/CFH)

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

APPEARANCES:
Raymond L. Jackson
15-A-3740
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929
Plaintiff pro se

**REPORT-RECOMMENDATION AND ORDER**

I. **In Forma Pauperis**

Plaintiff pro se Raymond L. Jackson commenced this action on May 22, 2017 with the filing of a Complaint and Motion to Proceed In Forma Pauperis ("IFP"). Dkt. No. 1 (Compl.), 2, 3. On August 3, 2017, this Court concluded that plaintiff's IFP application was incomplete and provided plaintiff an opportunity to comply. Dkt. No. 4. On August 16, 2017, plaintiff filed a complete IFP application, and the Court reopened this action. Dkt. Nos. 5-7. After reviewing plaintiff's complete IFP application, the

undersigned determines that plaintiff may properly proceed in this matter IFP. Dkt. Nos. 5-6.[1]

## II. Initial Review of Complaint

### A. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. As plaintiff is representing himself, the court is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

To state a claim on which relief can be granted, a complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Plaintiff is still required to pay any costs, witness fees, or other fees he may incur.

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further,

> [d]etermining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief.

Iqbal, 556 U.S. at 679 (internal citation omitted); FED. R. CIV. P. 8(a)(2).

### B. Complaint

Plaintiff attempts to bring this action against defendants, alleging that they violated his constitutional rights under 42 U.S.C. § 1983. See Compl. Specifically, plaintiff contends that on May 28, 2014 nonparty Sheriff Christopher Holland stopped plaintiff for speeding in the town of Schuyler Falls. Id. at 4. Plaintiff was "placed in handcuff's [sic] pending a search warrant and was transported to the Sheriff's Dep't [sic]." Id. Investigator Timothy Connolly and Mark Boire approached plaintiff in the booking room and told him to remove his clothes. Id. Plaintiff asked defendants to provide him with a search warrant, and Connolly told him "'[i]t's at the front desk I'll show you in a moment." Id. Plaintiff refused, insisting "'no, not until I see a warrant.'" Id. Boire and Connolly "became threatening and grab [sic] the butt handle of their firearms"; thus, plaintiff complied. Id. Plaintiff contends that "nothing was found on [him]." Id. Boire told Connolly, "'I bet chu' [sic] its [sic] in his asshole thats [sic] where

3

they stash it at.'" Id. Defendants told plaintiff to remove his clothing again. Id. Connolly told plaintiff to "stretch [his] anus with [his] hands and to put a finger inside [his] anus to 'stretch it open.'" Id. Plaintiff complied "because [he] fear[ed] for [his] life." Id. Thereafter, plaintiff was "let go and had to appear in Court on 6/11/14." Id.

Plaintiff alleges a denial of equal protection because he "was detained in handcuff's [sic] and search and seizure strip search twice without probable cause or reasonable suspicious [sic], and without a search warrant." Compl. at 5. Plaintiff contends that Connolly and Boire subjected him to excessive force because they "had their hands on their firearms the whole time when I got undress [sic] and was unarmed, ready to use excessive force." Id. Plaintiff also argues that the "strip search was unconstitutional [he] was subjected to put [his] index finger inside [his] anus just to see if [he] had drugs inside [his] anus, without a search warrant." Id. Plaintiff demands "$1.25 million for mental anguish pain and suffering $1.25 million for punative [sic] damages." Id.

### III. Analysis

#### 1. Heck v. Humphry

Plaintiff appears to challenge that defendants conducted two strip searches of his person without a warrant, presumably in violation of the Fourth Amendment.[2] See Compl. at 4. Plaintiff contends that "nothing was found on [him]" as a result of the first strip search. Id. However, plaintiff does not address whether defendants found any

---

[2] Plaintiff states "denial of equal protection" for the "search and seizure strip search," but as plaintiff does not state how he was treated differently from others similarly situated on a basis of his protected class, it appears he actually intends to raise a claim under the Fourth Amendment. Compl. at 5.

4

contraband as a result of the second strip search. Id. Further, plaintiff fails to provide whether any criminal charges were filed against him as a result of this incident. The Supreme Court in Heck v. Humphry, 512 U.S. 477 (1994), has directed

> when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been evaluated.

Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999).

In this instance, Heck may bar the claims in this action if plaintiff has been convicted of a criminal charge as a result of the search/arrest unless that conviction were invalidated. However, based on the complaint before the Court, the undersigned is unable to determine whether Heck would bar this matter, as the Court has no facts before it to assess whether any criminal charges and a conviction against plaintiff resulted. Accordingly, it is recommended that plaintiff's complaint be dismissed without prejudice to plaintiff filing an amended complaint should he be able to demonstrate that the search on which this complaint is based resulted in no conviction or, if a conviction did result, that the conviction has been invalidated.

### 2. Excessive Force

Plaintiff alleges a claim of excessive force against Boire and Connolly because they intimidated him by keeping their hands on the butts of their weapons while plaintiff was undergoing the strip searches. Compl. at 4-5. However, plaintiff does not contend

5

that Boire or Connolly used any force against him. See id. Although plaintiff alleges that the defendants' placing their hands on their weapons during their search intimidated him and suggests that they were "ready to use excessive force," mere intimidation, without more, is not sufficient to state a claim of excessive force under the Fourth Amendment.[3] Intimidation or threats of force do not amount to a constitutional violation under section 1983 where they are unaccompanied by actual force. See, e.g., 15-CV-1200 (DNH/DEP), Desinor v. State of New York, 9:15-CV-1200 (DNH/DEP), 2015 WL 7283191, at *2 (N.D.N.Y. Nov. 17, 2015)[4] ("Verbal threats, name-calling, *intimidation*, and harassment alone . . . do not give rise to a[n] . . . Eighth [or Fourth] Amendment claim.") (citation omitted) (emphasis added); Jermosen v. Coughlin, 878 F. Supp. 444, 440 (N.D.N.Y. 1995). Accordingly, it is recommended that plaintiff's excessive force claims be dismissed without prejudice, as plaintiff has merely alleged intimidation, which is not sufficient to state a claim for excessive force in violation of the Fourth Amendment.

### 3. Personal Involvement and Judicial/Prosecutorial Immunity

#### a. Phillip Vonnortwick

Plaintiff seeks to sue Phillip Vonnortwick for monetary damages. See Compl. at 5. Plaintiff provides that Vonnortwick is a judge for the Town of Schuyler Falls in

---

[3] Although plaintiff appears to attempt to set forth a claim of excessive force in violation of the Eight Amendment, the Fourth, rather than the Eighth, Amendment applies, as plaintiff was not an incarcerated inmate at the time of the search. See Graham v. Connor, 490 U.S. 386, 395 (1989).

[4] The Court has provided plaintiff pro se a copy of this unpublished decision.

6

Morrisville, New York. Id. at 3. Beyond including Vonnortwick's name in the complaint's caption and under the list of defendants, there is no mention of Vonnortwick in the complaint and no indication of how Vonnortwick may have violated plaintiff's constitutional rights. See id. Thus, plaintiff fails to demonstrate Vonnortwick's personal involvement. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Felix-Torres v. Graham, 687 F. Supp. 2d 38, 54 (N.D.N.Y. 2009) (internal citation and quotation marks omitted); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

Moreover, as a judge, Vonnortwick is entitled to absolute judicial immunity. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). Indeed, "even allegations of bad faith or malice cannot overcome judicial immunity." Id. Plaintiff would only be able to proceed on a claim against Vonnortwick if he contends that the judge has "take[n] action 'outside' his . . . judicial capacity'" or "take[n] an action that, although judicial in nature, is taken 'in absence of jurisdiction.'" Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Maestri v. Jutkofsky, 860 F.3d 50, 53 (2d Cir. 1988) (holding that town justice was entitled to absolute judicial immunity for judicial acts not performed in the clear absence of all jurisdiction); Heimbach v. Village of Lyons, 587 F.2d 344, 346 (2d Cir. 1979) (holding that village justice was entitled to absolute immunity for judicial acts not performed in the clear absence of all jurisdiction). Plaintiff does not claim that Vonnortwick acted outside of his judicial capacity or took an action in absence of jurisdiction, as he provides absolutely no facts about Vonnortwick and no

indication of how he violated plaintiff's constitutional rights.

Accordingly, it is recommended that all claims against defendant Vonnortwick be dismissed. It is further recommended that the dismissal be without prejudice to plaintiff amending his complaint to specify Vonnortwick's personal involvement, but only if he is able to demonstrate that Vonnortwick acted outside of his judicial capacity or, if his act was judicial, that it was done in absence of jurisdiction. Mireles, 502 U.S. at 9-10. Moreover, he should only be permitted the amendment *if* he is able to meet the requirements specified above in the Heck discussion either by demonstrating that no criminal conviction resulted in connection with the underlying incident or that the conviction has been invalidated by a Court of law.

### b. Anthony J. Wylie

Plaintiff also seeks to bring this action against Anthony J. Wylie, who he contends is a District Attorney in Clinton County, New York. Compl. at 2. However, other than mentioning Wylie's name in the caption and under the list of defendants, plaintiff fails to set forth any facts explaining how defendant Wylie violated his constitutional rights. Id. at 1-2. Accordingly, plaintiff has failed to demonstrate Wylie's personal involvement. Felix-Torres, 687 F. Supp. 2d at 54. Thus, it is recommended that all claims against Wylie be dismissed for lack of personal involvement.

Furthermore, as plaintiff provides that Wylie is a district attorney, to the extent plaintiff seeks to sue Wylie surrounding his conduct in initiating a prosecution against him, "[p]rosecutors are absolutely immune from liability under § 1983 for their conduct

8

in initiating a prosecution and in presenting the State's case." Pinaud v. County of Suffolk, 52 F.3d 1139, 1147 (2d Cir. 1995). Prosecutorial immunity shields prosecutors from § 1983 actions against them for their alleged malicious or selective prosecution or for any alleged misconduct relating to presenting evidence before a grand jury. Bernard v. County of Suffolk, 356 F.3d 495, 502-05 (2d Cir. 2004). Thus, initiation and pursuit of prosecution against a person is barred by prosecutorial immunity regardless of any alleged illegality. Peay v. Ajello, 470 F.3d 65, 67-68 (2d Cir. 2006). Absolute immunity is defeated only where the prosecutor engages in administrative or investigative functions. See Bernard, 356 F.3d at 502-03. Here, as plaintiff provides no facts regarding Wylie, the Court cannot determine whether plaintiff is setting forth a claim that falls within the narrow exception to prosecutorial immunity insofar as his claim relates to Wylie's investigative or administrative functions. Id.

Accordingly, it is recommended that all claims against Wylie be dismissed. It is also recommended that the dismissal be without prejudice to plaintiff filing an amended complaint that states with specificity how defendant Wylie violated plaintiff's constitutional rights or other relevant laws. However, it is recommended that plaintiff *only* be permitted to amend his claim against Wylie *if* he can first over come the potential Heck bar, as discussed above.

### 4. Eleventh Amendment, Official Capacities

It is unclear from the complaint whether plaintiff is attempting to hold the individual defendants liable in their official capacities. The Eleventh Amendment

9

provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. "New York State has not consented to suit in federal court." Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d. Cir. 1977). Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). "[C]laims against a government employee in his official capacity are treated as claims against the municipality," and, thus, cannot stand under the Eleventh Amendment.

Accordingly, insofar as plaintiff's complaint may be read as alleging claims against defendants in their official capacities, it is recommended that these claims be dismissed, with prejudice, and without opportunity to amend.

### 5. Amended Complaint

Should plaintiff be directed by the assigned District Judge to file an amended complaint, the undersigned provides the following guidance. Any such amended complaint, which shall *supersede and replace in its entirety* the previous Complaint filed by Plaintiff, must contain a caption that clearly identifies, by name, each individual/entity

that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint; any defendant not named in such pleading shall not be a defendant in the instant action.  Any amended complaint, should plaintiff be permitted to file, must cure the defects identified by this Report-Recommendation and Order as well as any defects that the assigned District Judge may identify.  Further, plaintiff is advised that no portion of any prior complaint shall be incorporated into her amended complaint by reference.  Should plaintiff be permitted an opportunity to file an amended pleading, plaintiff's failure to comply with these specifications could result in dismissal of this action.

### IV.  Conclusion

**WHEREFORE**, for the aforementioned reasons, it is hereby

**RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e), plaintiff's complaint (Dkt. No. 1) be **DISMISSED**, specifically:

(1) insofar as plaintiff's complaint can be read to raise claims against defendants in their official capacities, such claims be dismissed **with prejudice**; and

(2) the remainder of plaintiff's complaint be dismissed **without prejudice** to filing an amended complaint – ***if*** *the District Judge, on review of this Report-Recommendation and Order, directs that an amended complaint be filed* – that

11

fully cures the defects noted within this Report-Recommendation and Order; and it is

**ORDERED**, that the Clerk of the Court serve the plaintiff pro se a copy of this Report-Recommendation and Order in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: September 5, 2017
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge