**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RAYMOND L. JACKSON,

                            Plaintiff,

           v.                                    No. 8:17-CV-560
                                                 (DNH/CFH)

ANTHONY J. WYLIE, District Attorney, Clinton
County; TIMOTHY CONNOLLY, Badge #5347,
Investigator; MARK BOIRE, Deputy Sheriff;
PHILLIP VONNORTWICK, Judge;
CHRISTOPHER HOLLAND, Deputy Sheriff,

                                  Defendants.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

APPEARANCES:
Raymond L. Jackson
15-A-3740
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929
Plaintiff <u>pro se</u>

## REPORT-RECOMMENDATION AND ORDER[1]

### I. Background

On September 5, 2017, the undersigned, in a Report-Recommendation and

Order, granted plaintiff's in forma pauperis motion, and recommended dismissal of

plaintiff's complaint with opportunity to amend. Dkt. No. 8. Specifically, the

undersigned concluded the following (1) plaintiff failed to provide sufficient detail for the

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant
to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Court to determine whether the action would be barred by <u>Heck v. Humphry</u> as plaintiff failed to provide whether he was convicted of any crime as a result of the allegedly illegal search; (2) plaintiff failed to plead sufficient facts of excessive force because he did not contend whether defendants used physical force against him; (3) plaintiff failed to demonstrate the personal involvement of Phillip Vonnortwick in any constitutional violation or demonstrate whether Vonnortwick acted outside of his judicial capacity such that plaintiff could overcome judicial immunity; (4) plaintiff failed to demonstrate the personal involvement of Anthony J. Wylie in any constitutional violation and failed to provide sufficient facts for the Court to assess whether claims against Wylie would be barred by prosecutorial immunity; and (5) plaintiff could not proceed on a claim against defendants in their official capacities.  <u>See</u> Dkt. No. 8.

On September 28, 2017, Senior U.S. District Judge David Hurd adopted the Report-Recommendation and Order in full.  Dkt. No. 9.  On October 20, 2017, plaintiff filed an amended complaint.  Dkt. No. 10.  The amended complaint is now before the undersigned for review pursuant to 42 U.S.C. § 1915(e).

## II.  Review of Amended Complaint

Plaintiff's amended complaint no longer names as defendants Phillip Vonnortwick or Andrew Wylie, and seeks to add defendant Christopher Holland, Deputy Sheriff.  Dkt. No. 10 at 1.  Plaintiff's amended complaint is nearly identical to his original complaint.  <u>See</u> Dkt. Nos. 1, 10.  Plaintiff provides that on May 28, 2014, he was pulled over by Sheriff Holland and "placed into handcuff's [sic] without any explanation

2

pending a search warrant." Dkt. No. 10 at 4.  Plaintiff then indicates he was brought to

the Sheriff's Department in Plattsburgh, New York, where Investigator Timothy Connolly

and Mark Boire "approach me in the booking room where I was handcuff [sic] and told

me to take off my clothes[.]  I asked to see a search warrant, nobody showed me a

search warrant so I did not comply." Id. at 4.  Plaintiff provides that Connolly and Boire

then "became threatening and grab [sic] the handle of there [sic] firearms, so I

complied."  Id.  He states that "[n]othing wasn't [sic] found on me, or the vehicle I was

driving."  Id.  After plaintiff put his clothing back on, Connolly stated, "'I bet you its [sic] in

his asshole thats [sic] where they stash it at.'"  Id.  Connolly and Boire directed plaintiff

to remove his clothing again, and Connolly "made me stretch out my anus with my

fingers and put my fingers in my anus to stretch it open."  Id.  Plaintiff states that he

"complied because I fear for my life."  Id. at 5.  Plaintiff indicates that he "was not

charged or convicted of any crime, I was ticketed and release [sic] on bail ($1,000.00)

and was told to appear in Court on June 11, 2014."  Id.

Plaintiff argues that defendant Holland violated his "4th Amendment Right

unlawful Search and Seizure without a warrant"; defendants Connolly and Boire

violated his Fourth Amendment rights by "strip searching my body twice without a body

warrant or a search warrant"; and defendants Holland, Boire, and Connolly "violated my

4th Amendment right by unlawfully detaineed [sic] and restricting my movement."  Id.

He demands "$1.25 million for mental anguish pain and suffering" and "$1.25 million for

punative [sic] damages."  Id.

Although plaintiff now states that he was not charged with anything or convicted

of a crime, he also indicates that he was ticketed, released on bail, and ordered to return to court on June 11, 2014, which suggests that he may have been charged with a crime.[2]  Compl. at 5.  Plaintiff does not provide any information to the Court as to the outcome of the June 11, 2014 court appearance or any other appearances resulting from the arrest and searches.  Based on the information plaintiff has provided in the amended complaint, it is possible that plaintiff was charged with a crime.  As the Court still cannot assess on the facts in the amended complaint whether plaintiff's claims are barred by Heck v. Humphry, 512 U.S. 477 (1994), it is recommended that plaintiff's amended complaint be dismissed without prejudice, to allow plaintiff a final opportunity to amend his complaint in order to provide to the Court the result of his court appearances and their outcome so that the Court may assess whether this action is barred by Heck.

Plaintiff is advised that, if the district judge, upon review of the undersigned's Report-Recommendation and Order, permits plaintiff an opportunity to submit a second amended complaint, the second amended complaint must be a complete pleading which sets forth all facts, claims, and defendants because the second amended complaint will replace and supersede the amended complaint in its entirety.  Plaintiff is further advised that, in any such second amended complaint, he may not re-assert any claims that have been dismissed *with prejudice* by this Court.  Any second amended complaint, should plaintiff be permitted to file one, must cure the defects identified by

---

[2]  Plaintiff indicates, by checking a box on his form complaint, that he was a convicted and sentenced stated prisoner *at the time of the alleged wrongdoing*.  Dkt. No. 10  at 2.

4

this Report-Recommendation and Order as well as any defects that the assigned District Judge may identify.

### III.  Conclusion

WHEREFORE, for the reasons stated herein, it is hereby

RECOMMENDED, that plaintiff's amended complaint (Dkt. No. 10) be dismissed without prejudice and with opportunity to amend; and it is

ORDERED, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with local rules.

IT IS SO ORDERED.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72, 6(a), 6(e).

Dated: November 7, 2017
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

5